26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Marquez A. MILLER, Appellant,
v.
Carroll GRAVETT, Sheriff, Pulaski County Correctional
Facility, Appellee.
 No. 93-4097.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 27, 1994.
Filed: June 3, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 While he was a pretrial detainee housed at the Pulaski County Jail, Marquez A. Miller filed this action under 42 U.S.C. Sec. 1983 against Pulaski County Sheriff Carroll Gravett. Miller claimed that he was wrongfully held in protective custody from December 13, 1992, until January 23, 1993. The magistrate judge[1] found, after a hearing at which Miller and various jail officers testified, that Miller had requested protective custody because he feared for his safety following an incident in general population; that the administrative board thereafter decided to keep him in protective custody for a period of time based on safety considerations and not as punishment; and that Miller lost no privileges while in protective custody. The magistrate judge also found, moreover, that defendant Gravett was not personally involved in the decision to transfer and keep Miller in protective custody. The magistrate judge thus entered judgment for Gravett. Miller appeals. We affirm.
 
 
 2
 Miller's first argument on appeal is that the magistrate judge improperly denied him appointment of counsel. We review the decision to deny a request for appointment of counsel for abuse of discretion. See Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992). We see no abuse of discretion here. The magistrate judge properly concluded that Miller's case was not factually or legally complex. Miller has not shown he was unable to investigate the facts. His complaint was clearly written, and he communicated well with the court. See id. (listing factors relevant to the determination of whether indigent litigant needs appointed counsel).
 
 
 3
 Miller's second argument is that he was not allowed to consult with his witnesses. He does not say, however, that he ever asked for time to consult with them. Moreover, he does not show-nor is it apparent from the record-how he could have advanced his case with such consultation. Although he claims he was especially damaged by being unable to consult with his one inmate witness, we cannot see how that witness's testimony was critical inasmuch as he arrived at the jail only after the incident in question.
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE JERRY W. CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)